FILED
2021 SEP 21 AM 11:22
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HRH QUEEN SHEIKA AMBASSADOR PRIO DR. MRS. S. ALEXANDRIA MARY ELIZABETH S.A.N.T.E. BEN DAVID BIN AL MAKTOUM, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | Case No. 2:21-cv-00426-JNP-JCB |
| v. | |
| CHEROKEE NATION, et al., | District Judge Jill N. Parrish |
| Defendants. | Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] As an initial matter, the court notes that pro se Plaintiff HRH Queen Sheika Ambassador Prio Dr. Mrs. S. Alexandria Mary Elizabeth S.A.N.T.E. Ben David Bin Al Maktoum ("Plainitff") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is the review of Plaintiff's complaint[3] under the authority of the IFP Statute. As explained below, Plaintiff is ordered to amend her complaint and warned that failure to do so will result in the court recommending dismissal of this action.

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 6.

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[4]  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5]  Under that standard, the court "look[s] for plausibility in th[e] complaint."[6]  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[7]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[8] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]  "Threadbare

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[6] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[7] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[8] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original) (citations omitted).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[11] The twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[12]

In analyzing Plaintiff's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[13] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[14] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[15] Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

---

[10] *Id.*

[11] *Twombly*, 550 U.S. at 555.

[12] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[14] *Bellmon*, 935 F.2d at 1110.

[15] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

        relief can be granted.  Moreover, in analyzing the sufficiency of the
plaintiff's complaint, the court need accept as true only the
plaintiff's well-pleaded factual contentions, not his conclusory
allegations.[16]

Under the foregoing standards, and even when the court liberally construes Plaintiff's complaint, the court concludes that the complaint fails to satisfy the minimum pleading requirements of Rule 8(a)(2).  Although Plaintiff alleges that the nature of her case is "Civil Rights – Class Action,"[17] she alleges causes of action that are not legally cognizable.  Indeed, Plaintiff's asserted causes of action are: (1) "Internet with Electronics, including Apps & their contents"; (2) "Electronic (Phone & Computer[,] Texts, etc."; and (3) "Voice – Phone calls also other."[18]  The court is unable to find any legally recognized cause of action that comports with those allegations.  Additionally, Plaintiff's complaint is entirely devoid of any factual allegations. Without any factual allegations, the court cannot conclusively determine whether Plaintiff has any plausible claims for relief.

For those reasons, and pursuant to the standards for dismissal under Rule 12(b)(6), the court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted.  At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[19]  Accordingly, Plaintiff is

---

[16] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[17] ECF No. 6 at 3.

[18] *Id*. at 4.

[19] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

hereby provided with an opportunity to amend her complaint.  Plaintiff must file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before October 19, 2021.  Failure to do so will result in the court recommending dismissal of this action.

    IT IS SO ORDERED.

    DATED September 21, 2021.

                                      BY THE COURT:

                                      JARED C. BENNETT
                                      United States Magistrate Judge