FILED
2021 NOV 5 PM 12:33
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HRH QUEEN SHEIKA AMBASSADOR PRIO DR. MRS. S. ALEXANDRIA MARY ELIZABETH S.A.N.T.E. BEN DAVID BIN AL MAKTOUM,<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE NATION, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:21-cv-00426-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff HRH Queen Sheika Ambassador Prio Dr. Mrs. S. Alexandria Mary Elizabeth S.A.N.T.E. Ben David Bin Al Maktoum ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] As explained below, the court recommends dismissal of this action based upon Plaintiff's failure to comply with a court order.

At the outset, the court explains the applicable standards for reviewing a complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines

---

[1] ECF No. 7.

[2] ECF No. 5.

that . . . the action . . . fails to state a claim on which relief may be granted."[3] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[4] Under that standard, the court "look[s] for plausibility in th[e] complaint."[5] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[6]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[7] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[5] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[6] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[7] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

suffice."[9] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[10] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[11]

In analyzing Plaintiff's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[12] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[13] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[14] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be

---

[9] *Id*.

[10] *Twombly*, 550 U.S. at 555.

[11] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[13] *Bellmon*, 935 F.2d at 1110.

[14] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[15]

Employing the foregoing standards, the court issued a Memorandum Decision and Order addressing the sufficiency of Plaintiff's complaint under the authority of the IFP Statute on September 21, 2021.[16] The court concluded that, even under a liberal reading of Plaintiff's complaint, she failed to satisfy the minimum pleading requirements of Rule 8(a)(2). The court explained that although Plaintiff alleges that the nature of her case is "Civil Rights – Class Action,"[17] she alleges causes of action that are not legally cognizable. The court noted that Plaintiff's asserted causes of action are: (1) "Internet with Electronics, including Apps & their contents"; (2) "Electronic (Phone & Computer[,] Texts, etc."; and (3) "Voice – Phone calls also other."[18] The court further explained that it was unable to find any legally recognized cause of action that comports with those allegations. Finally, the court explained that Plaintiff's complaint is entirely devoid of any factual allegations and that, without such allegations, the court could not conclusively determine whether Plaintiff has any plausible claims for relief.

For those reasons, and pursuant to the standards for dismissal under Rule 12(b)(6), the court concluded that Plaintiff's complaint fails to state claims upon which relief can be granted. At the same time, the court recognized that "[d]ismissal of a pro se complaint for failure to state

---

[15] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[16] ECF No. 9.

[17] ECF No. 6 at 3.

[18] *Id*. at 4.

4

a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[19] Accordingly, the court provided Plaintiff with an opportunity to amend her complaint. Plaintiff was ordered to file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before October 19, 2021. Plaintiff was warned that her failure to do so would result in the court recommending dismissal of this action.

Plaintiff failed to file an amended complaint by the court-ordered October 19, 2021 deadline. Based upon Plaintiff's failure to comply with the court's order, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.[20]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[22] Failure to object may constitute waiver of objections upon subsequent review.

---

[19] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[20] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").

[21] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED November 5, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge