THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HRH QUEEN SHEIKA AMBASSADOR PRIO DR. MRS. S. ALEXANDRIA MARY ELIZABETH S.A.N.T.E. BEN DAVID BIN AL MAKTOUM,<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE NATION, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:21-cv-00426-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the undersigned is pro se Plaintiff HRH Queen Sheika Ambassador Prio Dr. Mrs. S. Alexandria Mary Elizabeth S.A.N.T.E. Ben David Bin Al Maktoum's ("Plaintiff") motion to reopen this case.[2] Based upon the analysis set forth below, the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this case on July 15, 2021, when she filed her motion to proceed in forma pauperis under 28 U.S.C. § 1915.[3] After that motion was granted,[4] Plaintiff's complaint

---

[1] ECF No. 16.

[2] ECF No. 15.

[3] ECF No. 1.

[4] ECF No. 5.

was filed, and this case was assigned to the undersigned.[5] Subsequently, this case was reassigned to Judge Parrish and referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).[6]

After reviewing the sufficiency of Plaintiff's complaint under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned issued a Memorandum Decision and Order concluding that, even under a liberal reading of Plaintiff's complaint, Plaintiff failed to satisfy the minimum pleading requirements of Fed. R. Civ. P. 8(a)(2).[7] The undersigned explained that although Plaintiff alleged that the nature of her case was "Civil Rights – Class Action,"[8] she alleged causes of action that were not legally cognizable. The undersigned further explained that because Plaintiff's complaint was entirely devoid of any factual allegations, the undersigned could not determine whether Plaintiff had any plausible claims for relief. Consequently, the undersigned concluded that Plaintiff's complaint failed to state claims upon which relief could be granted.

Nevertheless, the undersigned recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[9] Accordingly, the undersigned provided Plaintiff with an opportunity to amend her complaint on or before October 19, 2021, and warned her that failure to file an amended complaint would result in dismissal of this case.

---

[5] ECF No. 6.
[6] ECF No. 7.
[7] ECF No. 9.
[8] ECF No. 6 at 3.
[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 20007) (quotations and citation omitted).

Plaintiff failed to file an amended complaint by the court-ordered deadline, which prompted the undersigned to issue a Report and Recommendation that this case be dismissed without prejudice.[10] A copy of the Report and Recommendation was sent to Plaintiff, and it notified her of the right to object within 14 days after being served with a copy of it and warned her that failure to object could constitute waiver of objections upon subsequent review. On December 3, 2021, after Plaintiff failed to file any objections to the Report and Recommendation, Judge Parrish adopted the undersigned's recommendation and dismissed this case without prejudice.[11]

Nearly two years later, on November 14, 2023, Plaintiff filed the motion currently before the undersigned, in which Plaintiff requests that this case be reopened.[12] Judge Parrish subsequently referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[13]

## ANALYSIS

Plaintiff's motion to reopen this case should be denied because it was not timely filed. Although uncited in Plaintiff's motion, the only available procedural basis for her motion is Fed. R. Civ. P. 60(b), which governs relief from a final judgment, order, or proceeding.[14] Rule 60(b) provides:

---

[10] ECF No. 11.

[11] ECF No. 12.

[12] ECF No. 15.

[13] ECF No. 16.

[14] Although Fed. R. Civ. P. 59(e) allows a party to move to alter or amend a judgment, any such motion must be filed within 28 days after entry of judgment. Because nearly two years have passed since this case was dismissed, Rule 59(e) cannot apply here.

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.[15]

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

As demonstrated above, Plaintiff did not file her motion until nearly two years after the final order dismissing this case was entered. Thus, the grounds for relief in Rule 60(b)(1)-(3) are not available.

Additionally, the remaining grounds in Rule 60(b) are not available because Plaintiff's motion was not filed "within a reasonable time" after that order.[16] "Whether a Rule 60(b) motion

---

[15] Fed. R. Civ. P. 60(b)(1)-(6).

[16] Fed. R. Civ. P. 60(c)(1); *United States v. Mack*, 502 F. App'x 757, 759-60 (10th Cir. 2012) (concluding that the district court did not abuse its discretion by denying the defendant's Rule

is made within a reasonable time depends on the facts of each case, taking into consideration several factors including the reason for the delay and the prejudice to the other parties."[17] Plaintiff's instant motion leaves the court wondering what the reason for this inordinate delay might be and whether any purported reasons for waiting are even remotely justified under the circumstances. The court cannot invent excuses for Plaintiff. Moreover, given that nearly two years have passed, the court is hard pressed to think how such a delay under the circumstances here is "reasonable." Therefore, Plaintiff's motion to reopen this case should be denied.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's motion to reopen this case[18] be DENIED. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[19] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[20] Failure to object may constitute waiver of objections upon subsequent review.

---

60(b) motion for not being filed within a reasonable time where the defendant waited over two and a half years to file his motion); *United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) (providing that the defendant's Rule 60(b) motion was not filed within a reasonable time when he waited two years to file his motion); *Davis v. Warden, Fed. Transfer Ctr., Okla. City*, 259 F. App'x 92, 94-95 (10th Cir. 2007) (concluding that unexplained delay of almost three years in bringing a Rule 60(b) motion "could appropriately be considered beyond 'a reasonable time'"); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177-78 (10th Cir. 2005) (concluding that the district court did not abuse its discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time).

[17] *United States v. Lyman*, 166 F.3d 349 (Table), 1998 WL 894950, at *4 (10th Cir. Dec. 24, 1998) (quotations and citations omitted).

[18] ECF No. 15.

[19] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[20] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 5th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge